(No. 4237—

GLADYCE RAEUBER, MOTHER OF KENNETH SHROPSHIRE, DECEASED, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1950.*

BELL AND SMITH, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

Schuman, C. J.

Claim was filed herein on October 27, 1949 by Gladyce Raeuber for the death of her son, which occurred as a result of an accident on July 28, 1949. Claim is made that the grand-parents of said deceased, Mr. and Mrs. Jasper Otis, were partially dependent upon the earnings of deceased at the time of injury.

Kenneth Shropshire was first employed by the Division of Highways on July 5, 1949 as a laborer at a wage rate of one dollar ($1.00) per hour. He worked from the date of his first employment until his death on July 28, 1949. The claimant, not having worked a full year and less than 200 days, compensation will have to be figured on the minimum basis.

On said date, he was assisting Mr. Joseph Townsend, an equipment operator, in hauling gravel, and while spreading same on the highway, decedent fell from the truck, and was found unconscious. He was taken to the hospital, where he died shortly thereafter. The examination revealed a crushing skull fracture, lacerations and contusions about the left ear, probable fracture of the left ankle, and possible internal injuries.

The accident arose out of and in the course of decedent's employment, claim was made, and complaint filed within the time required by law.

The evidence discloses that the decedent was nineteen (19) years of age, not married, and left surviving

a mother, sisters and grandparents. During the school year he was actively engaged in all sports at the Watseka High School, and did not work during that period of time. He was employed during the summer of 1948, and made approximately $260.00. His only employment during the summer of 1949 was a job with the Division of Highways. The mother testified that she, her husband, two daughters, decedent and grandparents lived together in Watseka, and all contributed to the support of the family, and all the expenses of the household.

The Court concludes that the evidence was sufficient to establish partial dependency of the claimant, the mother of the decedent. The claimant is, therefore, entitled to the minimum award under Section 7 (c) of the Workmen's Compensation Act, because the evidence did not set forth any sums of money by which any other conclusion could be reached. Claimant is entitled, therefore, to an award of $1,500.00.

Letha Finch submitted a statement in the amount of $52.50 for stenographic services. This amount is found to be a fair and reasonable charge.

An award is, therefore, entered in favor of the claimant in the amount of $1,500.00 as follows:

$1,327.50 has accrued to September 15, 1950, for a total of 59 weeks at $22.50 a week.

$ 172.50 payable in weekly installments of $22.50, commencing on September 22, 1950 for a period of 7 weeks, with one final payment of $15.00.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, the jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

An award is also entered in favor of Letha Finch

for stenographic services in the amount of $52.50, which is payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."